BUCKLEY and others *v.* SAWYER MANUF'G CO.

*(Circuit Court, E. D. Missouri. January 3, 1881.)*

1. CONTRACT—REVERTER OF PATENT RIGHT.

A patent owned by A. and B. was assigned by them, as to certain states, to E., a corporation. The consideration of the assignment was the payment to the grantors of $8,500 cash, and the issuing of a prescribed number of shares of stock in E. to them. The cash was paid and the shares issued. The condition of the contract required the payment of a royalty to A. and B. and also exacted, under penalty of forfeiture, the use by E. of reasonable diligence, and its best endeavors to make the corporate scheme a success, the corporation having been organized to manufacture the patented article. On the other hand, A. and B. agreed to exercise reasonable diligence to promote

the success of the enterprise, under the penalty of forfeiture of all rights of reversion. F. was a large stockholder in E., and, as such, furnished the required capital. The corporation was organized in 1872, failed in 1873, and F. purchased its assets, including the patent-right, but did not subsequently comply with the condition as to diligence, etc. Suit was brought by A. and B. to have the right acquired by F. declared forfeited. *Held,* that, as it appeared that the plaintiffs had received the full value of their patent-right, and were stockholders in E., which they had caused to be formed, and that as there was a failure on their part to comply with their promises as to making the business a success, no right of reverter or forfeiture existed.

In Equity.

*Seneca N. Taylor,* for plaintiffs.

*W. G. Raney,* for respondent.

TREAT, D. J. A patent owned by plaintiffs was assigned, as to designated states, to the defendant company, on payment of $8,500 cash, and the issue of a prescribed number of shares in the defendant corporation.

The cash was received and the shares issued. The conditions of the contract required the payment of a royalty, and also exacted, under penalty of forfeiture, the use by defendant company of "reasonable diligence" and "its best endeavors" to make the corporate scheme a success. On the other hand, the granting party agreed to exercise reasonable diligence to promote the success of the enterprise, under the penalty of forfeiture of all right of reversion. The scheme proved a failure, for reasons which are disputed.

The defendant Givens paid his money as a stockholder, which seems to have been the cash required, and when the corporate scheme failed became the purchaser of the assets of the corporation, including the patent-right. The organization of this corporation was in 1872, and its failure was in 1873. The defendant Givens, who seems to have been the principal capitalist, became the purchaser of its assets to save for himself something from the wreck. The present contest is as to the forfeiture of the grant. If the defendant corporation did not do what it promised, then the transfer of the patents to it was to be void. If, on the other hand, the plaintiffs in this suit did not perform what they agreed to do,

the right of forfeiture or reverter was at an end. The struggle through the evidence is to show which of the respective parties was delinquent. It is clear that the scheme was to organize a corporation to operate plaintiffs' patent, the patent to be assigned for designated states at the price of $8,500 cash, (which was paid,) and a prescribed number of shares in said corporation to be issued to said plaintiffs, with a royalty. Hence, the plaintiffs not only received the cash, but the shares, and became, as such shareholders, interested in the proper conduct of the corporation.

It appears from the evidence that the plaintiffs were the promoters of the scheme, and that the strangers who embarked in it did so on the faith that the plaintiffs would push the same to a success. The defendant Givens, who seems to have been the victim of this corporate enterprise, became finally the owner of the assets of the corporation, including the right to the patents. He has not operated under them, nor paid any royalty. The contest is whether, as assignee of the corporate assets, he can hold them discharged of all right of reverter, or whether, from non-fulfilment of the original agreement, it ought to be rescinded. It must be remembered that the original transaction was in 1872, and the failure of the enterprise in 1873.

The excuse for delay in instituting this suit is that negotiations for compromise were pending. There is, however, a barrenness of testimony upon matters which might shed some light on the case. A company in Connecticut, which was identified with the defendant company, may or may not have pursued the enterprise with success, and no proper evidence is produced whereby it can be determined what is the real amount in controversy. A sharp analysis of the pleadings and evidence shows that the plaintiffs have received more than the full value of the patent right; that they were large stockholders in the defendant corporation, which they caused to be formed on their representations—a speculative scheme; and that through their failure to do what they promised no right of reverter, forfeiture, or rescission exists.

The bill will be dismissed at plaintiff's costs.